UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHANIEL A. HIGGINS,           )<br>    *Plaintiff*,                              )<br>                                                )<br>    *vs*.                                        )<br>                                                )<br>UNITED STATES OF AMERICA,  )<br>    *Defendant*.                          ) | | 1:13-cv-837-JMS-MJD |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Presently pending before the Court is a Motion to Dismiss filed by Defendant United States of America.[1] [Dkt. 15.] Plaintiff Nathaniel A. Higgins has sued the United States under the Federal Tort Claims Act (the "FTCA") for injuries he suffered while using a fitness center located at the Defense Finance and Accounting Services ("DFAS") building, where Mr. Higgins was a federal employee. [Dkt. 1 at 1-2.] The United States moved to dismiss this action, alleging that the Court lacks subject matter jurisdiction because Mr. Higgins' injuries are covered by the Federal Employees' Compensation Act (the "FECA") and cannot be reviewed by this Court. [Dkt. 16 at 1.] For the reasons that follow, the Court agrees.

**I.
STANDARD OF REVIEW**

In considering a motion to dismiss for lack of subject matter jurisdiction, the Court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). When a defendant raises a factual challenge to the Court's sub-

---

[1] In his Complaint, Mr. Higgins listed the Defendant as "United States, Department of the Army, The Major General Emmett J. Bean Federal Center Defense Finance and Accounting Services, Indianapolis." [Dkt. 1.] Because "[t]he only proper defendant in an FTCA action is the United States," *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008), the Court will address it as such.

ject matter jurisdiction, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (collecting cases).

## II.
### BACKGROUND

Consistent with the standard of review, the Court will detail the well-pleaded factual allegations from Mr. Higgins' Complaint, noting the United States' disagreement when necessary.

At all relevant times, Mr. Higgins was a federal employee at DFAS. [Dkt. 1 at 2 ¶ 6.] DFAS operated a fitness center at the location where Mr. Higgins worked. [*Id.* at ¶ 2.] On July 28, 2010, Mr. Higgins was in the DFAS fitness facility when the piece of exercise equipment he was using failed and the weights fell on him, amputating his left index finger. [*Id.* at 2-3 ¶ 6.]

Mr. Higgins contends that he was not acting in the course and scope of his employment when he was injured in the fitness room, [*id.*], but the Department of Labor (the "DOL") found that he was acting within the scope of his employment, [dkts. 16 at 4; 16-1 at 10-15]. The United States contends that Mr. Higgins cannot now challenge the DOL's determination through this lawsuit. [Dkt. 16 at 4.]

On August 12, 2010, Mr. Higgins received a letter from the DOL Office of Workers' Comp Programs ("OWCP") approving his claim for benefits from the injury. [Dkt. 16-1 at 10-15.] The letter referenced the FECA and included information regarding continuation of pay for lost time from work and how to seek compensation for wage loss after the continuation of pay expires. [*Id.* at 10, 12, 14.] Mr. Higgins admits that his medical expenses have been paid, [dkt. 21-1 at 3 ¶ 9], and the United States submitted records showing a total payment of $22,642.26, [dkt. 26-2]. Mr. Higgins attests that he has received no other payments. [Dkt. 21-1 at 3 ¶ 10.]

On November 3, 2011, Mr. Higgins was copied on a letter from the OWCP to the Department of the Army. [Dkt. 21-2 at 1-2.] The letter indicated that Mr. Higgins' claim had been accepted and that he was entitled to benefits under the FECA. [*Id.* at 1.] It further indicated that Mr. Higgins was not eligible to file a claim under the FTCA and that his "sole avenue for compensation is confined to the benefits allowable under the [FECA]." [*Id.*]

Mr. Higgins was also copied on a second letter dated November 3, 2011, that the OWCP sent to DFAS. [*Id.* at 3-4.] That letter confirmed that Mr. Higgins' claim had been accepted on August 12, 2010, but concluded that his claim should not have been accepted because Mr. Higgins "was not in the performance of duty based on the history of the injury, findings of fact, [and] the rules under FECA." [*Id.* at 4.] The United States contends that this letter was internal correspondence that Mr. Higgins should not have received. [Dkt. 26 at 1 n. 1.] At no time was the FECA acceptance rescinded.

Mr. Higgins filed a federal tort claim notice in October 2011. [Dkt. 1 at 2 ¶ 5.] His claim was denied, and he filed his Complaint against the United States in this Court in May 2013, alleging that the United States is liable for his injuries under the FTCA. [Dkt. 1.] The United States has moved to dismiss Mr. Higgins' Complaint, and that motion is now ripe for ruling. [Dkt. 15.]

### III.
#### DISCUSSION

The United States argues that the FECA provides the exclusive remedy for Mr. Higgins' injuries; thus, this Court lacks subject matter jurisdiction to consider his FTCA claim. [Dkt. 16 at 3.] The United States contends that Mr. Higgins is prohibited from challenging the DOL's determination that his injury occurred in the scope of his employment. [*Id.* at 4 (citing 28 U.S.C. § 8128).]

Mr. Higgins argues that the United States' motion fails because he was not acting within the scope of his employment at the time he was injured. [Dkt. 21 at 3.] Mr. Higgins admits that he initially received documents from the OWCP indicating that he was eligible for federal worker's compensation benefits and that his medical expenses have been paid. [Dkt. 21-1 at 2 ¶ 5, 3 ¶ 9.] He contends, however, that he has received no other payments. [*Id.* at 3 ¶ 10.]

The FECA was enacted "to protect the Government from suits under statutes, such as the [FTCA], that had been enacted to waive the Government's sovereign immunity." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193 (1983). "Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.* The FECA "contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991); 5 U.S.C. § 8128(b). "When all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether." *Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1441 (7th Cir.1996) (en banc). Accordingly, if a claim is covered by the FECA, the federal courts have no subject matter jurisdiction to entertain the action. *Ezekiel v. Michel*, 66 F.3d 894, 898 (7th Cir. 1995) (collecting cases); *see also Gizoni*, 502 U.S. at 90 ("Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies.").[2]

---

[2] There is an exception to this general rule for certain constitutional challenges, *Ezekiel*, 66 F.3d at 898, but Mr. Higgins does not dispute the United States' assertion that he is not making a constitutional challenge, and the Court concludes that his Complaint does not assert one.

Mr. Higgins' opposition rests entirely on his contention that "the whole premise of Defendant's position is wrong" because it "assumes the one fact that they cannot prove . . . namely that the injuries sustained by [Mr. Higgins] resulted from the discharge by [Mr. Higgins] of his duties as a federal employee." [Dkt. 21 at 3.]  But regardless of whether Mr. Higgins was actually acting in the scope of his employment at the time of his injury, this Court cannot review the DOL's determination that he was.  *See Gizoni*, 502 U.S. at 90 (The FECA "contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage."); *Czerkies*, 73 F.3d at 1441 ("When all that a claimant is seeking is benefits on the basis of an error of fact or law by the administering agency, judicial review is barred altogether.").  The DOL concluded that Mr. Higgins was entitled to FECA benefits for his injury, [dkts. 16-1 at 10-15; 21-2 at 1], and Mr. Higgins acknowledges that he has, in fact, received certain benefits such as the payment of his medical bills, [dkt. 21-1 at 3 ¶ 9 (attesting that "medical expenses were paid")].  While Mr. Higgins directs the Court to internal correspondence within the DOL raising the possibility of an error, [*see* dkt. 21-2 at 3-4], there is no evidence that the DOL revoked its controlling determination that Mr. Higgins' claim is covered by the FECA.

Because the DOL has determined that Mr. Higgins' claim is covered by the FECA, this Court is barred from reviewing any alleged errors of fact or law that Mr. Higgins contends exist regarding that determination.  Accordingly, this Court must dismiss his FTCA action for lack of subject matter jurisdiction.  *See Gizoni*, 502 U.S. at 90 ("Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies.").

## IV.
### CONCLUSION

For the reasons detailed herein, the Court concludes that it lacks subject matter jurisdiction over this matter and **GRANTS** Defendant's Motion to Dismiss. [Dkt. 15.] Final judgment shall enter accordingly.

09/20/2013

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

James Gregory Garrison
GARRISON LAW FIRM
greg@garrisonlegal.com